UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GARY DEBENEDETTO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Civil Action No. 25-12166 |
| WILLIAM MARSHALL, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

**MURPHY, J.**

Gary DeBenedetto, who is currently confined at Federal Medical Center ("FMC") Devens, has filed a complaint against the Director of the Federal Bureau of Prisons and FMC Devens Warden Fred Bowers, claiming that his confinement is unlawful. Dkt. 1 ("Compl."). DeBenedetto also filed a motion for leave to proceed *in forma pauperis*, Dkt. 2, and a motion for injunctive relief prohibiting the Federal Bureau of Prisons ("BOP") from administering psychotropic medication without his consent, Dkt. 3. For the reasons set forth below, the Court will grant the motion for leave to proceed *in forma pauperis*, deny without prejudice the motion for injunctive relief, and dismiss this action for failure to state a claim upon which relief may be granted.

I.  **Motion for Leave to Proceed *in Forma Pauperis***

Upon review of DeBenedetto's motion for leave to proceed *in forma pauperis*, the Court concludes that he has shown he is unable to pay the $405 filing fee. Accordingly, the Court GRANTS the motion.[1]

---

[1] Because DeBenedetto is not a "prisoner" within the meaning of the Prison Litigation Reform Act ("PLRA"), he is not required to pay the statutory filing fee over time. *See Perkins v. Hedricks*, 340 F.3d 582, 583 (8th Cir. 2003) (per curiam) (stating that a civilly committed person is not a prisoner within the meaning of the PLRA).

**II.      Review of the Complaint**

Because DeBenedetto is proceeding *in forma pauperis*, the Court may conduct a preliminary review of his complaint and dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In conducting this review, the Court liberally construes DeBenedetto's complaint because he is representing himself. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

DeBenedetto alleges that, over the past ten years, he has been "harshly [and] physically" held in different BOP facilities "with no finding of innocence or guilt and with no trial, and with no sentence and with no charges." Compl. at 1. According to DeBenedetto, in July 2014 he was taken to FMC Butner for an evaluation as part of a pending criminal prosecution against him. DeBenedetto states that on August 13, 2014, the court dismissed the charges, "leaving [him] in the prison without charges, a trial, a finding of innocence or guilt or a legal sentence violating his Constitutional Rights under the Fifth Amendment Right to due process of law." *Id.* DeBenedetto represents that "[t]he USA or the AUSA . . . argues that [he is] merely 'fighting a civil commitment,'" but he contends that "such a statement is utterly deceptive and false" and that he is "not[]civilly committed anywhere." *Id.* In his prayer for relief, DeBenedetto seeks $3.1 million for the ten years "of punishment done in Federal Prisons and the unconstitutional physical and mental and emotional pain and suffering" and punitive damages. *Id.* at 3.

Federal law provides for the civil commitment of a "person in the custody of the Bureau of Prisons . . . against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person" to the custody of the Attorney General if a court finds, by clear and convincing evidence, that the person "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or

2

serious damage to property of another." 18 U.S.C. § 4246(d). DeBenedetto's complaint fails to state a claim upon which relief may be granted because public judicial records show that he is in custody pursuant to an order of civil commitment.[2]

On August 5, 2014, the United States filed in the United States District Court for the Eastern District of North Carolina a certificate signed by the warden of FMC Butner stating that the forensic staff of FMC Butner believed that DeBenedetto was "currently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another." *United States v. Debenedetto*, No. 5:14-02172, Dkt. 1 at 3 (E.D.N.C. Aug. 5, 2014). The warden also stated that "suitable arrangements for state custody and care" of DeBenedetto were "not available." *Id.* The warden requested that a hearing be scheduled to determine whether DeBenedetto "should remain committed to the Mental Health Department at FMC-Butner." *Id.* On November 6, 2014, the court issued an order finding that DeBenedetto met the requirements for commitment under section 4246 and committed him to the custody and care of the Attorney General. *Debenedetto*, No. 5:14-02172, Dkt. 14 at 1 (E.D.N.C. Nov. 6, 2014). This order was affirmed by the United States Court of Appeals for the Fourth Circuit on August 18, 2025. *United States v. Debenedetto*, 618 Fed. App'x 751, 753–54 (4th Cir. Aug. 18, 2015).[3] DeBenedetto remains confined pursuant to this order.[4] As such, the complaint must be dismissed.

---

[2] The Court may take judicial notice of these proceedings. *See Wiener v. MIB Group, Inc.*, 86 F.4th 76, 81 n.3 (1st Cir. 2023) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." (quoting *Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 56 n.7 (1st Cir. 2015))).

[3] In January 2019, DeBenedetto was conditionally released to the United States Probation Office for the Eastern District of Michigan, but the conditional release was revoked in October 2019. *See United States v. Debenedetto*, No. 5:14-02172, Dkt. 59 at 1 (E.D.N.C. Aug. 5, 2014).

[4] On April 5, 2025, DeBenedetto filed in this Court a petition for a writ of habeas corpus challenging the fact of his confinement. *See Debenedetto v. Bowers*, No. 25-10873-RGS, Dkt. 1 (D. Mass.). On July 1, 2025, the Court ordered that the action be transferred to the committing court. Dkt. 30. The action remains pending in the transferee court. *See Debenedetto v. Bowers*, No. 5:25-02155 (E.D.N.C.).

### III. <u>Motion for Injunctive Relief</u>

In his motion for injunctive relief, DeBenedetto asserts that FMC Devens "is illegally forcing antipsychotic drugs or neuroleptics on the Plaintiff without legal cause or any good reason" and asks that this Court issue an order "disallowing the B.O.P. from forcefully administering these substances to the Plaintiff henceforth." Dkt. 3 at 1. DeBenedetto refers to a 2014 decision of the Seventh Circuit in his criminal case in which the appellate court found that the trial court had erred in concluding that the government had adequately established that all requirements for the involuntary administration of medication had been met. *See United States v. Debenedetto*, 744 F.3d 465 (7th Cir. 2014).[5] Debenedetto claims that, notwithstanding the decision of the Seventh Circuit, the BOP held "its own 'due process'" at which it forcefully "administered injections of [antipsychotic] drugs to the Plaintiff who is uncharged and untried." Dkt. 3 at 1. Debenedetto asserts that he is not a threat to anyone or to the safety and security of the prison, and that "no viable evidence to the contrary exists for the Government." *Id.*

The Court DENIES the motion without prejudice to commencing a new action concerning prison staff's administration of medication against his will. DeBenedetto's complaint does not contain any allegations concerning the involuntary administration of medication, and the motion for injunctive relief does not provide enough information for the Court to determine whether any form of relief is appropriate.

Should DeBenedetto chose to pursue a separate action concerning the involuntary administration of medication, he must include in his complaint basic information concerning the factual basis of his claim, including the dates of the relevant events, the medication to be

---

[5] On April 4, 2014, the Seventh Circuit issued a superseding decision to address arguments the government had made in a petition for a panel rehearing. The appellate court denied the government's motion and again found that the requirements for the involuntary administration of medication had not been met. *See United States v. Debenedetto,* 757 F.3d 547 (7th Cir. 2014).

administered (or was administered), any reason proffered by a defendant for the involuntary administration of the medication, and the reasons for which the involuntary administration of medication was or would be unlawful.

IV.     **Conclusion**

In accordance with the foregoing, the Court hereby orders:

1)      The motion for leave to proceed *in forma pauperis*, Dkt. 2, is GRANTED.

2)      The motion for an injunction, Dkt. 3, is DENIED without prejudice.

3)      This action is DISMISSED for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:  January 9, 2026

                              /s/ Brian E. Murphy
                              Brian E. Murphy
                              United States District Judge